# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| GEORGE P. SCHNEIDER, JR., <br><br> Plaintiff, <br><br> v. <br><br> USAA FEDERAL SAVINGS BANK, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 5:21-cv-00453 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW COMES Plaintiff, GEORGE P. SCHNEIDER, JR. ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of USAA FEDERAL SAVINGS BANK ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq.*, and the Bankruptcy Discharge Injunction ("Discharge Injunction") pursuant to 11 U.S.C. § 524.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Defendant resides in the Western District of Texas.

1

**PARTIES**

4. Plaintiff is over 18-years-of-age, and is a "consumer" as defined by 15 U.S.C. §§1681a(c) and (b).

5. Defendant offers various banking services to consumers across the United States. Defendant is further engaged in the collecting or attempting to collect, directly or indirectly, debts owed or due using the mail, telephone, and credit reporting. Defendant is organized under the laws of the state of Texas, with its principal place of business located at 10750 McDermott Freeway, San Antonio, Texas, 78288.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**BANKRUPTCY CASE**

7. Several years ago, Plaintiff obtained a home mortgage loan through Defendant.

8. Plaintiff eventually fell behind on his monthly payments to Defendant, thus incurring debt ("subject debt").

9. Plaintiff was also experiencing a number of other mounting financial obligations, so on October 22, 2018, Plaintiff filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court, District of Kansas (Topeka), Case Number 18-41347 ("bankruptcy").

10. Schedule D of the bankruptcy petition contained the subject debt, and listed Defendant as an entity to be provided notice regarding the subject debt being listed in Plaintiff's bankruptcy petition.

11. On October 25, 2018, the Bankruptcy Noticing Center ("BNC") served Defendant with notice of Plaintiff's Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines.

12. On October 1, 2020, Plaintiff filed a Notice of Conversion in his bankruptcy proceeding, which converted his case from Chapter 13 to Chapter 7 of the United States Bankruptcy Code.

13. On October 2, 2020, the Bankruptcy Court granted Plaintiff's Notice of Conversion, and Plaintiff filed an Amended Chapter 7 bankruptcy petition.

14. Schedule E/F of the amended bankruptcy petition listed the subject debt, and further listed Defendant as an entity to be provided notice regarding the subject debt being listed in Plaintiff's amended bankruptcy petition.

15. On October 4, 2020, the Bankruptcy Noticing Center ("BNC") served Defendant with notice of Plaintiff's Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines.

16. On January 25, 2021, the Bankruptcy Court entered an Order of Discharge in Plaintiff's bankruptcy case of all dischargeable debts, including the subject debt.

17. The Order of Discharge expressly stated:

> "This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees."

18. The BNC served Defendant with the Order of Discharge on January 27, 2021.

19. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction, prohibiting any acts to collect upon the subject debt by Defendant.

20. Plaintiff's personal liability on the subject debt was extinguished via his bankruptcy discharge, thus terminating any business and contractual relationship Plaintiff may have had with Defendant or its agents.

**DEFENDANT'S POST-DISCHARGE COMMUNICATIONS**

21. In early 2021, Plaintiff was looking to improve his credit, so he accessed his Experian credit report, and much to his dismay, Plaintiff discovered that Defendant had accessed his consumer report without authorization, including on at least February 5, 2021.

22. Plaintiff was taken aback by Defendant's conduct, as he had not signed up, nor applied, for Defendant's services after his bankruptcy discharge.

23. Yet, Defendant intentionally misrepresented to the credit reporting agencies ("CRAs"), including Experian, that Plaintiff was attempting to obtain credit with it, had a current credit relationship, or had a current business relationship with Plaintiff. Defendant's misrepresentation and false certification resulted in the CRAs releasing Plaintiff's highly confidential and sensitive personal information to Defendant.

24. However, Plaintiff had no account or business transactions with Defendant at the time this request was made.

25. Defendant accessed Plaintiff's consumer report without the consent or knowledge of Plaintiff.

26. Defendant both negligently and willfully violated the FCRA by impermissibly obtaining Plaintiff's consumer reports.

27. Defendant had no legitimate business need for Plaintiff's consumer reports at the time that it requested a copy of Plaintiff's credit reports from the CRAs on February 5, 2021.

**DAMAGES**

28. Plaintiff suffered from emotional distress due to Defendant's unlawful attempts to collect the discharged subject debt as he was led to believe that his bankruptcy had no legal effect. Defendant's reporting of the subject debt was highly confusing to Plaintiff.

29. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect and misrepresent the discharged subject debt.

30. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to obtain financing and to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

31. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, invasion of privacy, expenses and time incurred curing and remediating account activity, constant vigilance in detecting account activity, out-of-pocket expenses, the loss of credit opportunities, injury to reputation, time and money expended meeting with his attorneys, monitoring his credit file, mental and emotional pain and suffering.

32. Concerned about the violations of his rights and protections afforded by his bankruptcy discharge, Plaintiff sought the assistance of counsel to ensure that Defendant's collection efforts ceased.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

33. Plaintiff restates and reallages paragraphs 1 through 32 as though fully set forth herein.

34. Defendant is a "person" as defined by 15 U.S.C. §1681a(b).

35. Defendant is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

36. At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

37. The FCRA prohibits any person or entity from using or obtaining a consumer credit report unless the user has a permissible purpose enumerated under the FCRA. *See* 15 U.S.C. §1681b(f).

38. On February 5, 2021 which was after the date of the Discharge Order, Defendant obtained Plaintiff's consumer report from Experian and the CRAs.

39. On each such occasion that Defendant obtained Plaintiff's consumer report from the CRAs subsequent to January 25, 2021, the date of the Discharge Order, Defendant represented to Experian and the CRAs that such access was authorized for an "account review" purpose.

40. At the time of each such "account review" inquiry made by Defendant, Plaintiff's credit reports reflected that he had no open accounts with Defendant in relation to the subject debt.

41. Defendant was also on notice that the subject debt was included and discharged in the Bankruptcy Case, and that it was legally prohibited from pursuing any further collection against – or even communicating with – Plaintiff or the CRAs concerning such debt(s).

42. As such, on each occasion that Defendant obtained Plaintiff's consumer report from the CRAs subsequent to January 25, 2021, the date of the Discharge Order, Defendant had actual knowledge that it did not have a permissible purpose under the FCRA to obtain such information.

43. In requesting and obtaining Plaintiff's personal and private consumer report information with actual knowledge that it did not have a permissible purpose to do so, Defendant willfully violated the FCRA for each such inquiry it made.

44. Defendant's violations have deprived the Plaintiff of the right to control his own personal information, which is a major aspect of privacy that is protected by the FCRA.

45. As pled in paragraphs 28 through 32, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, GEORGE P. SCHNEIDER, JR., respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  Award Plaintiff actual damages, in an amount to be determined at hearing, for each of the underlying FCRA violations;

c.  Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

d.  Award Plaintiff punitive damages, in an amount to be determined at hearing, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

e.  Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

f.  Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE DISCHARGE INJUNCTION

46. Plaintiff restates and realleges paragraphs 1 through 45 as though fully set forth herein.

**a.  Section 11 U.S.C. § 524(a)(2)**

47. Pursuant to 11 U.S.C. § 524(a)(2), a discharge order "operates as an injunction" against acts to collect discharged debts.

48. Under Section 524, the Discharge Order "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor ...." 11 U.S.C. § 524(a)(2). *Caban v. HSBC Mortg. Servs.*, 373 F. Supp. 3d 709, 715 (N.D. Tex. 2016).

49. "In cases in which the discharge injunction was violated willfully, courts have awarded debtors actual damages, punitive damages and attorney's fees." *In re Fauser*, No. 10-31501, 2015 WL 877451, at *4 (Bankr. S.D. Tex. Feb. 26, 2015).

**b.  Defendant's conduct was perpetual, willful, and wanton**

50. Defendant violated the discharge injunction by willfully obtaining Plaintiff's consumer report from the CRAs, in spite of having actual notice of Plaintiff's bankruptcy and the discharged status of the subject debt.

51. Defendant received written notice of Plaintiff's bankruptcy discharge by the BNC.

52. Yet, Defendant then attempted to unlawfully obtain Plaintiff's consumer report.

53. Defendant should have implemented procedures and trained its employees in order to discourage and also prevent willful and wanton violations of the Bankruptcy Code.

54. Defendant's conduct demonstrates that it has no such system in place to protect the rights of innocent consumers under the protection of the Bankruptcy Code.

55. Based on the broad language of the Bankruptcy Code, Defendant willfully used credit reporting in an effort to collect a discharged debt from Plaintiff, in violation of the discharge injunction, thus warranting sanctions and punitive damages to deter future conduct of a similar nature.

WHEREFORE, Plaintiff, GEORGE P. SCHNEIDER, JR., respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Hold Defendant in civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

b. Order Defendant to pay Plaintiff for his actual damages, in an amount to be determined by the Court, as a result of the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

c. Order Defendant to pay punitive damages, in an amount to be determined by the Court, for the civil contempt of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

d. Order Defendant to pay Plaintiff his reasonable legal fees and expenses for violations of the Order of Discharge pursuant to 11 U.S.C. §§ 524 and 105;

e. Enjoining Defendant from further contacting Plaintiff; and

f. Provide such other and further relief as the Court may deem just and proper;

DATED this 6th day of May, 2021.                    Respectfully Submitted,

                                                         */s/ Taxiarchis Hatzidimitriadis*
                                                         Taxiarchis Hatzidimitriadis #6319225
                                                         CONSUMER LAW PARTNERS, LLC
                                                         333 N. Michigan Ave., Suite 1300

Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

*Attorneys for Plaintiff,*
*George P. Schneider, Jr.*